UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

NURBEK JANIKULOV,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-787

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.9.)

In an order entered on March 16, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the March 3, 2026, bond hearing on March 19, 2026. (Resp., ECF No. 5; Recording of Mar. 3, 2026, Bond Hearing, filed on Mar. 19, 2026.) Petitioner filed his reply on March 21, 2026, (ECF No. 6.).

## II.     Relevant Factual Background

Petitioner is a citizen of Uzbekistan who entered the United States in 2023. (Pet., ECF No. 1, PageID.3.) On January 13, 2026, Petitioner was arrested by ICE. (*Id.*, PageID.4–5.)

On February 12, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Janikulov v. The GEO Group et al.* (*Janikulov I*), No. 1:25-cv-477 (W.D. Mich.). In *Janikulov I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Janikulov I*, (W.D. Mich. Feb. 26, 2026), (ECF Nos. 7, 8.).

On March 3, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.5.) At that hearing, Petitioner argued that he was not a danger to the community or a flight risk because he had no criminal record, was employed as a commercial truck driver, owned a trucking business, paid his income taxes, attended all scheduled immigration court hearings, and obtained an immigration sponsor. (*Id.*, PageID.5; Recording of Mar. 3, 2026, Bond Hearing, filed on Mar. 19. 2026.) Respondents argued that Petitioner was a flight risk as he hid under a blanket in the sleeper of the truck when authorities tried to question him. (Recording of Mar. 3, 2026, Bond Hearing, filed on Mar. 19. 2026.) At the conclusion of the March 3, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> Denied, because: Flight risk. Respondent has been in the United States for a short period of time and has limited familial ties. Per the I-213, during a traffic stop,

Respondent hid from authorities under a blanket in the sleeper of a truck when authorities attempted to question him.

(Immigration Judge Order, ECF No. 1-12, PageID.59.)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 3, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:       April 15, 2026                     /s/ Jane M. Beckering
                                                Jane M. Beckering
                                                United States District Judge

3